HEATHER E. WILLIAMS, Bar #122664
Federal Defender
CAROLYN M. WIGGIN, Bar #182732
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
KIONI M. DOGAN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-00198-JAM-1 |
| Plaintiff, | **MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL; ORDER; DECLARATION OF COUNSEL** |
| v. | |
| KIONI M. DOGAN, | |
| Defendant. | Judge:  Hon.  John A. Mendez |

Pursuant to Federal Rule of Appellate Procedure 4(b)(4), Defendant Kioni M. Dogan moves this Court to extend the time to file the notice of appeal of the July 22, 2020 Order denying her motion to reduce her sentence. As stated in paragraph 5 of the attached declaration of counsel, the Government takes no position on this motion.

On July 22, 2020, this Court issued identical orders denying Ms. Dogan's motion to reduce her sentence in the present case (2:16-cr-198-JAM-1) and the closely related case *United States v. Dogan*, No. 2:16-cr-199-JAM-1). Ms. Dogan informed counsel that she wished to appeal the orders by a letter received by counsel on Tuesday, August 4, 2020. Counsel was on annual leave from August 3, 2020, through August 7, 2020 but learned of Ms. Dogan's wishes on August 4, 2020. Counsel contacted her office and arranged to have a timely notice of appeal filed on August 5, 2020, but failed to communicate to co-workers that the notice of appeal should be filed in both cases. The notice of appeal was timely filed on August 5, 2020 in *United States*

*v. Dogan*, No. 2:16-cr-199-JAM-1, but was not filed in the present case. In the attached declaration, undersigned counsel sets forth excusable neglect to support an extension of time to file the notice of appeal.

Federal Rule of Appellate Procedure 4(b)(1)(A)(i) provides that in a criminal case "a defendant's notice of appeal must be filed in the district court within 14 days after the later of…the entry of either the judgment or the order being appealed…." Section 4(b)(4) provides that "upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

The defense requests that the Court extend time for 30 days for the notice of appeal in this case, which would render timely a notice of appeal filed on or before September 4, 2020. Defense counsel's attached declaration sets forth the basis for a finding of excusable neglect. Defense counsel did not learn of Ms. Dogan's decision to appeal this Court's orders until August 4, 2020, the day before the notice of appeal was due. Although counsel was able to arrange for a notice of appeal to be filed in one case number, she was out of the office on vacation and failed to inform her office that this was a rare situation in which identical motions, oppositions, replies, and orders were filed in two different case numbers, so notices of appeal should be filed in both those case numbers.

When considering a request to extend time to file a notice of appeal, four factors should be considered: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*) (citing to *Pioneer Investment Services Co. v. Burnswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993) (holding that excusable neglect includes "situations in which the failure to comply with a filing deadline is attributable to negligence.")). Far from raising a "rigid barrier" to relief (*see Pioneer*, 507 U.S. at 395 n. 14) the *Pioneer* factors set up an "equitable" determination, which "take[s]

into account all the relevant circumstances surrounding the party's omission." *See Pioneer*, 507 U.S. at 395. The Supreme Court has noted that, in the context of a request for extension of time to file a notice of appeal, "it is not insignificant that this is a criminal case." Further, "[w]hen a litigant is subject to the continuing coercive power of the Government in the form of imprisonment, our legal traditions reflect a certain solicitude for his rights, to which the important public interest in judicial efficiency and finality must occasionally be accommodated." *Stutson v. U.S.*, 516 U.S. 193 (1996).

Counsel believes that, per the four *Pioneer* factors, the failure to meet the deadline for timely filing of the notice of appeal is based on excusable neglect. The harm caused as a result of the failure to meet the filing deadline for a timely notice of appeal is not significant: the delay does not pose a danger of prejudice to the Government, which is already on notice that the order denying compassionate release is being appealed in *United States v. Dogan*, No. 2:16-cr-199-JAM-1. The length of delay does not threaten to negatively impact judicial proceedings as it is a brief delay and there are no transcripts to prepare for the appeal.[1] The reason for the delay was not in Ms. Dogan's personal control at all. Finally, Ms. Dogan acted in good faith in writing to her counsel to let her know of her desire to appeal the court's order. Ms. Dogan's counsel acted in good faith in arranging to have a notice of appeal timely filed in *United States v. Dogan*, No. 2:16-cr-199-JAM-1. Counsel's failure to recall and inform her office of the need to file a notice of appeal related to the identical order in this case number was an excusable mistake. *See Lemoge v. U.S.*, 587 F. 3d 1188 (9th Cir. 2009) (reversing district court finding that appellant did not establish excusable neglect, where the length of delay was not unreasonable, credible reasons for delay were offered, and there was no indication that the appellant acted in bad faith).

---

[1] The delay considered is the length of time between the date the notice of appeal was due and the date the motion for an extension of time was filed. *Outdoor Media Grp., Inc. v. City of Beaumont*, 702 F. Supp. 2d 1147, 1168 (C.D. Cal. 2010), *aff'd*, 464 F. App'x 611 (9th Cir. 2011). "A delay of less than three weeks is *de minimis* and certainly has no impact whatsoever on the proceedings." *Id*. Here the delay is five days.

Counsel asks that this Court find good cause or excusable neglect, and extend time for the filing of the notice of appeal. No hearing is necessary. A proposed order is set forth below.

Dated: August 10, 2020

    Respectfully submitted,
    HEATHER E. WILLIAMS
    Federal Defender

    s/ *Carolyn M. Wiggin*
    CAROLYN M. WIGGIN
    Assistant Federal Defender

    Attorneys for Movant
    KIONI M. DOGAN

O R D E R

On the basis of the foregoing motion, the Court finds excusable neglect within the meaning of Federal Rule of Appellate Procedure 4(b)(4) and extends time for the filing of a notice of appeal for 30 days from the date the notice of appeal was due: to September 4, 2020.

Dated:  August 10, 2020

    /s/ John A. Mendez
    JOHN A. MENDEZ
    United States District Court Judge