UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:16-cr-00198; 2:16-cr-00199 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KIONI M. DOGAN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

    If the defendant's sentence is reduced to time served:

        ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before         , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

This is Defendant's second motion for compassionate release.  On July 22, 2020, the Court denied her first motion finding that Defendant had not demonstrated extraordinary and compelling reasons warranting compassionate release.  See Prior Order, ECF No. 118, 2:16-cr-00198; ECF No. 133, 2:16-cr-00199.  Here again, Defendant falls well short of demonstrating any extraordinary and compelling circumstances.  First, while Defendant argues her hypertension and cardiomyopathy, being African American, and the outbreak of COVID-19 at FCI Phoenix support compassionate release, Defendant has refused the COVID-19 vaccine.  Opp'n at 6-7, ECF No. 130, 2:16-cr-00198.  "In cases where an inmate cites the risk of contracting COVID-19 as a basis for relief but refuses to receive a vaccine, courts have nearly uniformly denied compassionate release because such refusal undercuts [an inmate's] fear of infection." United States v. Richmond, No. 1:14-cr-00171-DAD, 2021 WL 2337626, at *6 (E.D. Cal. June 8, 2021) (internal quotation marks and citations omitted); see also United States v. Sawyers, CR 15-00070-RSWL-1, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021)("The glaring consensus among district courts is that refusal of a

3

COVID-19 vaccine subverts a defendant's compassionate release motion.") Second, Defendant's family circumstances do not constitute extraordinary and compelling circumstances either. Opp'n at 9 (explaining that Defendant's mother was not sentenced to prison by this Court and thus can continue to be a caretaker for Defendant's children). Indeed, Defendant concedes in her reply that "in light of the fact that her mother, Ms. Harris, was not sentenced to prison time, she has not been incapacitated as the caregiver to [Defendant's] minor children." Reply, ECF No. 134.

Further, the Court agrees that the "nature and circumstances of the offense, and the history and characteristics of the defendant substantially weigh against compassionate release in this case." Opp'n at 11. Defendant's motion is therefore DENIED.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: 11/15/2021

_____
UNITED STATES DISTRICT JUDGE